IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

                  Petitioner,

       vs.

NEBRASKA DEPARTMENT OF
CORRECTIONS, and LANCASTER
COUNTY DISTRICT COURT,

              Respondents.

**8:25CV508**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Robert C. Jamerson's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 on August 20, 2025. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a seven-page, handwritten document which does not clearly indicate the grounds upon which Petitioner seeks habeas relief.

Second, Petitioner has named improper respondents in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer

who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the Nebraska Department of Corrections and the "Lancaster County District Court" as respondents in this matter, neither of which is a proper respondent. Rob Jeffreys is the director of the Nebraska Department of Correctional Services and is, thus, the proper Respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1.    The pending Petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

2.    By **December 19, 2025**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names the proper respondent, and that clearly states both his claims and facts and law supporting the relief sought for each claim. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:25CV508). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3.    The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4.    The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **December 19, 2025**: Check for amended petition.

Dated this 19th day of November, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge